UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMSON RACIOPPI, </br></br> Plaintiff, </br></br> v. </br></br> GOVERNOR CHARLES BAKER, *in his capacity as Governor for the State of Massachusetts*, MAYOR MARTIN WALSH, *in his personal and official capacity as the Mayor for the City of Boston*, and COMMISSIONER WILLIAM EVANS, *in his personal and official capacity as the Commissioner for the Boston Police Department*, </br></br> Defendants. | Civil No. 20-11357-LTS |

ORDER

December 18, 2020

SOROKIN, J.

Samson Racioppi, a pro se plaintiff, filed the Complaint in this action on August 11, 2020. On November 13, 2020, Defendant Governor Charles Baker filed a motion under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim. Doc. No. 10. On December 1, 2020, Defendants Mayor Martin Walsh and Commissioner William Evans filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the action for failure to state a claim. Doc. No. 18. Under the Local Rules, Racioppi had fourteen days to oppose the defendants' motions to dismiss, LR 7.1, making his oppositions due on November 27, 2020 and December 15, 2020, respectively. To date, Racioppi has made no filing opposing the motions or requesting an extension of time to oppose the motions.

1

**The Court now ORDERS Racioppi to respond to the defendant's motion to dismiss by January 4, 2021. Should Racioppi fail to file a response to the motion to dismiss by that date, he faces dismissal of his complaint due to failure to prosecute and failure to obey this Court Order.**

The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute is well-established and is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. Link v. Wabash R. Co., 370 U.S. 626, 629–30 (1962); see Fed. R. Civ. P. 16(f), 41(b); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002). "[A] litigant who ignores case-management deadlines does so at his peril." Tower Ventures, Inc., 296 F.3d at 45–46 (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)). "Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)." Id. at 46 (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

Accordingly, it is hereby ORDERED that Racioppi shall respond to the defendants' motions to dismiss **by January 4, 2021**. The Clerk shall send a copy of this Order to Racioppi by ordinary and certified mail, with return receipt requested.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge